BARFIELD, Judge,
concurring.
I concur with the majority because I think the present state of the law allows the judge of compensation claims to reach the determination made based upon the evidence in this case. It appears from this record that the claimant did not suffer any mental disorder producing a reticence to work because of fear of physical injury or inability to get along with people because of the results of a physical injury which are common situations where the mental problem would become compensable. There does not appear to have been any residual physical effect from claimant’s scuffle with his victim which would lead to a psychiatric *1013 overlay. Rather, it appears the claimant may have caused the death of another during an excited confrontation when the claimant was struck. In this instance, the claimant is emotionally troubled because he removed his pistol from its holster and shot a man in the back, twice, accidentally. It is my judgment that such a circumstance should fall within the exclusion for fright and excitement.
I concur in certification of the question to the supreme court because this matter is deserving of resolution and direction for the judges of compensation claims.